UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

KAREN LAFRANCE,

     Plaintiff,

vs.

CITY OF HOLLYWOOD,

     Defendant.

_____/

## **COMPLAINT**

Plaintiff, KAREN LAFRANCE ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, CITY OF HOLLYWOOD ("Defendant"), and alleges as follows:

1.  This is an action by the Plaintiff for damages exceeding $30,000.00 excluding attorneys' fees or costs for Defendant's unlawful discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(k) ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"); the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760 ("FCRA"); and 42 U.S.C. §1983 - Civil Action for Depravation of Rights, to redress injury done to Plaintiff by the Defendant for discriminatory treatment and for redress of Plaintiff's depravation of rights in violation of these laws.

2.  Defendant is a government agency located in Broward County, Florida, where Plaintiff worked for Defendant.

3.  Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County and payment was due in Broward County.

4.  Plaintiff is a female who suffers from a disability relating to a work-related injury, and is thus a member of a class protected under Title VII, 42 U.S.C. §1983, the FCRA, and ADA,

because the terms, conditions, and privileges of her employment were altered because of her status as a Black female with a disability.

5.   Defendant has at all times material hereto employed fifteen (15) or more employees for each working day in each of the twenty (20) or more calendar weeks in the current or proceeding year in accordance with Title VII and the FCRA (Fla. Stat. § 760.02(7)).

6.   Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7.   Plaintiff filed Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") which was dually filed with the Florida Commission on Human Relations.

8.   All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

9.   Plaintiff is a Black female individual that suffers from a disability.

10.  Plaintiff has been working for the Hollywood Police Department since August 2004.

11.  Plaintiff suffers from dislocated disks and other back and neck pains that resulted from to a work-related accident. Plaintiff's medical conditions limit her ability to stand or sit for long periods of time. Plaintiff takes medication for her conditions.

12.  After Plaintiff's work accident, she was assigned to light duty and was reassigned to the Property Department.

13.  At the time, the property Department was being overseen by Major Forest.

14.  During that time, Major Forest made unwanted sexual advances towards Plaintiff.

15. On or about June 2017, Major Forest asked Plaintiff to join him in his office for a cup of coffee told her that her skirt could go over her head.

16. Plaintiff immediately complained to one of her supervisors, Tangela Taylor, regarding Major Forest's advances. Ms. Taylor informed Plaintiff that she would look into her complaints, but to Plaintiff's knowledge, an investigation was never conducted.

17. After Plaintiff complained about Major Forest, she was transferred to the teletype department; Plaintiff requested accommodations in this department and was denied. Plaintiff was not given the opportunity to choose her shift and was given the overnight shift instead.

18. Plaintiff was the only Black Female in the Teletype Department and unlike similarly situated employees, Plaintiff wasn't given the opportunity to work overtime, nor was she compensated for the shift pay deferential that other non-black employees received when working the night shift.

19. Plaintiff complained regarding the disparate treatment to supervisor, Jennifer Jacobson and the PBA Representative.

20. On or about August 2017, Plaintiff was transferred to the Police Information Desk department under the supervision of Lieutenant Redding Norris, who has had several complaints of sex discrimination against him.

21. Since Plaintiff's supervision under Lieutenant Norris, she has been further subjected to mistreatment and a hostile work environment; Norris has constantly threatened Plaintiff, cursing at her and belittling her in front of others.

22. Mr. Norris has told plaintiff that she has to watch her back; on multiple occasions he has requested to meet with her alone, without allowing her to bring in witnesses.

23. During every meeting that Plaintiff had with Mr. Norris, he insulted her and called her lazy because of her disability. Mr. Norris has also made other insensitive remarks towards Plaintiff regarding her disability such as telling her that she does not look hurt and that she needs to go back on regular work duty.

24. Mr. Norris has also refused to provide Plaintiff with lunch breaks; Plaintiff was the only one that was refused a lunch break or reprimanded for reasons unrelated to violations of conduct.

25. As a result of Plaintiff's complaints Defendant caused Plaintiff's husband to be removed from the Defendant's insurance coverage.

26. Plaintiff was terminated when the Defendant placed her disability retirement benefits on July 26, 2019 instead of providing her with a reasonable accommodation to allow Plaintiff to keep her full salary.

27. Plaintiff attended an exit interview on July 26, 2019 with a Human Resources representative, Cherice (LNU), wherein Plaintiff complained about the harassment and hostile work environment directed toward Plaintiff.

28. Additionally, as a result of Plaintiff's worker's compensation injury a settlement was reached with Defendant's worker's compensation insurer in the amount of four hundred thousand dollars ($400,000.00); however, this settlement required the Defendant's approval.  The Defendant did not approve the worker's compensation settlement as a result of Plaintiff's complaints about harassment, discrimination and her hostile work environment.

## COUNT I
### *Disability Discrimination under the ADA*

29. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

30. Plaintiff is a member of a protected class under the ADA.

31. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

32. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff had a disability or perceived disability.

33. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination based on an employee's disability was unlawful but acted in reckless disregard of the law.

34. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

35. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

36. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

37. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
### *Failure to Accommodate in Violation of the ADA*

35. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

36. Plaintiff is disabled as he had a testicular shift, which is an impairment which substantially limits one or more major life activities; to wit: lifting.

37. Plaintiff is, and at all time was, qualified to perform the essential functions of his job as a Licensed Practical Nurse with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the ADA.

38. Defendant failed to provide Plaintiff with a reasonable accommodation as that term is defined in the ADA. Plaintiff requested to be reassign to an area that would not require as

much stress to his body. This request was reasonable and would not have caused Defendant undue hardship.

39. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

40. Plaintiff is informed, believes and alleges that pursuant to the ADA, Plaintiff is entitled to reinstatement of his formerly held position (or its equivalent) and reinstatement of his benefits/seniority.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pays Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT III**</u>
*Retaliation in violation of the ADA*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

42. Plaintiff is a member of a protected class under the ADA.

43. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the ADA.

44. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A. Adjudge and decree that Defendant has violated the ADA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

    B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT IV**</u>
*Sex (Gender) Discrimination Under the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex (gender) and subjected the Plaintiff to sex-based animosity.

52. Such discrimination was based upon the Plaintiff's sex (gender) in that Plaintiff would not

have been the object of discrimination but for the fact that Plaintiff is a female.

53. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex (gender) was unlawful but acted in reckless disregard of the law.

54. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

55. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

56. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

57. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

58. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

59. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

    A.   Adjudge and decree that Defendant has violated the FCRA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.   Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C.   Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.   Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT V**</u>
***Sex (Gender) Discrimination under Title VII***

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

61. Plaintiff is a member of a protected class under Title VII.

62. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's sex (gender) and subjected the Plaintiff to sex-based animosity.

63. Such discrimination was based upon the Plaintiff's sex (gender) in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a female.

64. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's

protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's sex (gender) was unlawful but acted in reckless disregard of the law.

65. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

66. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

67. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

68. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

69. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

70. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the Title VII and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
*Disability Discrimination Under the FCRA*

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 above as if set out in full herein.

61. Plaintiff is a member of a protected class under the FCRA.

62. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and subjected the Plaintiff to disability-based animosity.

63. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a disabled female.

64. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

65. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

66. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

67. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

68. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

69. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

70. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA and has done so

willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VII
### *Race Discrimination in Violation of the FCRA*

71. Plaintiff reasserts his allegations in paragraph 1 through 28 as if fully set forth herein.

72. Section 760.10 of the FCRA states in relevant part:

"(1) It is an unlawful employment practice for an employer:

a.      To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

73. The FCRA accordingly prohibits discrimination based on race.

74. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's race, which non-White Hispanic

individuals were not and would not have been subjected, in violation of the FCRA.

75. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Plaintiff's race was also a motivating factor for Defendant's adverse conduct toward Plaintiff.

76. As a result of Defendant's willful and malicious discriminatory actions as a result of his race, Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

77. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious discriminatory conduct.

78. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## COUNT VIII
### *Retaliation in violation of the FCRA*

79. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

80. Plaintiff is a member of a protected class under the FCRA.

81. By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the FCRA.

82. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

83. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

84. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state or federal law.

85. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state or federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

86. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT IX**</u>
*Discrimination in Violation of 42 U.S.C. § 1983*

87.   Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

88.   Plaintiff is a member of a protected class under § 1983.

89.   The City Council, acting under color of law and vested with the final decision-making power, and in disregard of Plaintiff's due process rights, discharged Plaintiff arbitrarily and without cause and without prior notice on or about July 26, 2019 ratifying the unlawful conduct of

Defendant's managerial employees or officials.

90.  By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and color and subjected the Plaintiff to race and color-based animosity.

91.  Such discrimination was based upon the Plaintiff's race, sex and/or disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Black female with a disability.

92.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

93.  At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

94.  Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

95.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

96.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

97.  The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with

malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

98. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

99. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated 42 U.S.C. § 1983, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT X
### *Race Discrimination in Violation of Title VII*

98. Plaintiff pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1 through 28 of this complaint as if set out in full herein.

99. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

100.   Defendant's decision to discriminate against Plaintiff was because of Plaintiff's race; Plaintiff is African American.

101.   The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non-African American employees were allowed better work opportunities by not being subjected to unfair treatment.

102.   At the time of this treatment from employment, the Plaintiff did perform essential functions assigned to her by Defendant in a satisfactory manner.

103.   The Plaintiff was qualified for the position apart from her apparent race.

104.   The Plaintiff was discriminated against by her supervisor because she is African American.

105.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

106.    The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

107.    Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her national origin in violation of Act with respect to its decision to treat Plaintiff different from other employees.

108.    Plaintiff was fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that she was Cuban, in violation of the Act.

109.    As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

110.    Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

111.    The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A.  Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.  Reinstate Plaintiff to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT XI
### *Retaliation in Violation of Title VII*

112.  Plaintiff re-adopts each and every general and factual allegation as stated in paragraphs 1 through 28 of this complaint as if set out in full herein.

113.  Plaintiff is a member of a protected class under Title VII, to wit: she complained of discriminatory treatment.

114.  By the conduct describe above, Defendant retaliated against Plaintiff for exercising rights protected under the Title VII.

115.  Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

116.  As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

117.  The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

118.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

119.    Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.    Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.    Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.    Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.    Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.  Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: November 24, 2020.

Respectfully submitted,

*/s/ Peter M. Hoogerwoerd, Esq.*
Peter M. Hoogerwoerd, Esq.
Fla. Bar No.: 0188239
pmh@rgpattorneys.com
**Remer & Georges-Pierre, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
(305) 416-5000- Telephone
(305) 416-5005- Facsimile